**UNITED STATES v. D'AURIA et al.**

No. 7926b.

District Court, D. New Jersey.

July 3, 1940.

John J. Quinn, of Trenton, N. J., and Hubert J. Harrington, Asst. U. S. Atty., of Newark, N. J., for the Government.

Frank A. Palmieri, of Orange, N. J., for defendants.

FORMAN, District Judge.

Counts one, two, four, and five of the indictment are involved herein.

Count one charges that the defendants, Joseph D'Auria and Antonio D'Auria, "were officers * * * [of] the D'Auria Bank & Trust Company of Newark, New Jersey, * * * the said bank being * * * an insured bank under and by virtue of the provisions of the Act of Congress known as the Banking Act of 1933, approved June 16, 1933 [48 Stat. 162], as amended and supplemented to date, [that the defendants] * * * as * * * officers [of the bank] * * * on or about the 14th day of January, A. D., 1935 * * * knowingly, unlawfully, and feloniously, and with intent to deceive the Federal Deposit Insurance Corporation * * * in a certain report to the Federal Deposit Insurance Corporation headed, 'Report of Condition of D'Auria Bank & Trust Company of Newark in the State of New Jersey, at the close of business on December 31,.1934' * * * did wilfully make a certain false entry [therein] * * * which * * * entry so then and there made was false and untrue and well known by the said Joseph D'Auria and Antonio D'Auria to be false and untrue * * * contrary to the form of the statute in,such case made and provided and against the peace and dignity of the United States".

Defendants in the same general language are charged in count two with mak-

ing another false report of the same character on or about July 20, 1935, this report being entitled "Report of Condition of D'Auria Bank and Trust Company, of Newark, in the State of New Jersey, at the close of business of June 29, 1935".

Counts four and five likewise charge falsifications of the "Report of Condition of the D'Auria Bank & Trust Company of Newark, in the State of New Jersey, at the close of business on June 30, 1034".

The endorsement on the back of the indictment reads as follows: "Indictment For Making false entries in report to Federal Deposit Insurance Corporation. Title 12 [U.S.C.A.] § 592".

Defendants move to quash the above counts of the indictment on the grounds that they violated no statute on the dates charged, because such statute had not been passed at that time, and, secondly, there was no law requiring defendants to file reports to the Federal Deposit Insurance Corporation; hence, there can be no penalty imposed upon them for either their failure or their improper filing thereof.

It is shown that the D'Auria Bank and Trust Company of Newark, N. J., is a State Bank operating exclusively under the laws of the State of New Jersey, that it is neither a member of the Federal Reserve System nor a National Bank, and that its deposits were insured against losses by the Federal Deposit Insurance Corporation, the latter being the only connection with the Federal Deposit Insurance Corporation.

The government has abandoned its contention that the defendants violated 12 U.S.C.A. § 592, and in lieu thereof it has been permitted to charge under the same indictment that defendants violated 12 U.S.C.A. § 264(u).

12 U.S.C.A. § 264(u), provides as follows: "Whoever, being connected in any capacity with the Corporation, (1) embezzles, abstracts, purloins, or willfully misapplies any moneys, funds, securities, or other things of value, whether belonging to it or pledged, or otherwise entrusted to it, or (2) with intent to defraud the Corporation or any other body, politic or corporate, or any individual, or to deceive any officer, auditor, or examiner of the Corporation, makes any false entry in any book, report, or statement of or to the Corporation, or without being duly authorized draws any order or issues, puts forth, or assigns any note, debenture, bond, or other such obligation, or draft, bill of exchange, mortgage, judgment, or decree thereof, shall be punished by a fine of not more than $10,000, or by imprisonment for not more than five years, or both."

It is evident that the above statute is intended to apply only to persons "connected in any capacity" with the Federal Deposit Insurance Corporation. See 12 U.S.C.A. § 264(a). It is equally apparent that the defendants herein have no connected capacity with the Federal Deposit Insurance Corporation. They are only officers of the D'Auria Bank & Trust Company which had a contract of insurance with the Federal Deposit Insurance Corporation.

When the above section of the act is compared with 12 U.S.C.A. § 592, which assumed its present state by an amendment on August 23, 1935, one can easily discern that Congress contemplated separate penalties for offences committed by persons connected with the Federal Deposit Insurance Corporation, and officers, etc., of insured banks. This statute provides as follows: "Any officer, director, agent or employee of any Federal reserve bank, or of any member bank as defined in sections 221 to 225 of this title, or of any national banking association, *or of any insured bank as defined in subsection (c) of section 264 of this title,* [1] who [commits designated acts] * * * upon conviction thereof * * * shall be fined not more than $5,000 or shall be imprisoned for not more than five years, or both, in the discretion of the court".

Even if it were determined that the D'Auria Bank & Trust Company was connected in some "capacity" with the Federal Deposit Insurance Corporation within the contemplation of section 264(u) such construction could in nowise be stretched to include the present defendants who are officers of the Bank, and absolutely in nowise connected with the Federal Deposit Insurance Corporation.

The motion to quash counts one, two, four and five is granted. The indictment now rests upon the remaining count three.

[1] Italicized clause indicates addition of August 23, 1935.